IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. WARMAN, et al., | ) |
| Plaintiffs, | ) Civil Action 2:19-1224 |
| vs. | ) |
| LOCAL YOKELS FUDGE, LLC, et al., | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiffs Christopher M. Warman ("Warman"), the Trust for Family of Christopher Warman (the "Trust") and Chocolate Moonshine, LLC ("Moonshine LLC") bring this action against Defendants Local Yokels Fudge, LLC, Christine Falvo ("Falvo"), Charles Brian Griffin, Donald Konieczny and CM Chocolatier, LLC, alleging claims of trade secret misappropriation and related state law claims arising out of Defendants' alleged use of Plaintiffs' recipe for making fudge.

Pending before the Court is Defendants' motion (ECF No. 193) for permission to amend their Pretrial Statement to add the transcript of the deposition of third party witness Alex Weiner ("Weiner") as a deposition to be offered at trial, as well as the Notice of the Taking of the Deposition of Mr. Weiner and the identification of Daniel McLane as a potential witness to call if necessary.

**I.  Relevant Background**

The Weiner deposition was taken by Mr. McLane on December 5, 2013 in the case of *Sysco Corporation v. FW Chocolatier, LLC, t/d/b/a Fudgie Wudgie*, G.D. No. 11-017048, in the Court of Common Pleas of Allegheny County ("the *Sysco* case"). Defendants contend that Weiner is unavailable to appear at trial, that Warman and the Trust had notice of Weiner's deposition in the

*Sysco* case but chose not to attend it, and that Moonshine LLC is a successor in interest to Warman and the Trust and therefore their interests are the same.

Plaintiffs oppose the motion, contending that the parties in the two cases are not identical, that Plaintiff Moonshine LLC did not exist at the time and therefore did not receive notice of the deposition, that Warman—who was then unrepresented by counsel—did not have sufficient notice of the Weiner deposition and that the scope of the issues in the *Sysco* case was significantly different than the scope of the issues in this case. In the alternative, they request that if Defendants are permitted to use the Weiner deposition, they be permitted to take his deposition for use at trial.

The *Sysco* case did not initially involve Warman, but rather was a breach of contract action brought in August 2011 by Sysco against Falvo, Fudgie Wudgie and related companies to recover sums owed for goods supplied. Warman and the Trust moved to intervene in the case to preserve a trade secret (the same fudge recipe at issue in this case) which was held at that time by another intervenor, Three Rivers Confections, LLC ("Three Rivers"). On September 7, 2012, the Court of Common Pleas issued a preliminary injunction holding that Warman had maintained a trade secret in the fudge recipe. On August 27, 2013, the Pennsylvania Superior Court upheld the preliminary injunction and remanded the case for a determination of whether a royalty was owed. *See Sysco Corp. v. FW Chocolatier, LLC*, 2013 WL 11254806 (Pa. Super. Ct. Aug. 27, 2013).

On November 20, 2013, counsel for Three Rivers mailed the notice of the Weiner deposition to the parties in the *Sysco* case, including Warman at his address of record. (ECF No. 193 Ex. 1.)[1] Defendants contend that at a later hearing before Judge Ward on November 19, 2014,

---

[1] For reasons not clear from the parties' briefing, Warman was not represented by counsel at that time, although he was previously and subsequently represented by counsel in that case. Pursuant to both the Federal Rules of Civil Procedure and the Pennsylvania Rules of Civil Procedure, service of discovery notices is complete upon mailing to a person's last known address. Fed. R. Civ. P. 5(b)(2)(C); Pa. R. Civ. P. 440(b).

2

Warman admitted that the address to which the notice was mailed was his address. Plaintiffs have not disputed this point, nor does Warman contend that he did not receive the notice. Weiner's deposition was taken on December 5, 2013 in Medfield, Massachusetts. Warman did not attend, nor did he retain counsel to appear on his behalf at the deposition.

## II. Discussion

Federal Rule of Civil Procedure 32(a)(4)(B) provides that a party may use for any purpose the deposition of a witness, whether a party or not, if the witness is more than 100 miles from the location of the trial. Here, Defendants assert that while they wish to present his testimony at trial, Weiner is "unavailable" because he lives in Massachusetts, which is more than 100 miles from the place of the trial. This renders Defendants unable "by process or other reasonable means, to procure [his] attendance." Fed R. Evid. 804(a)(5)(A). Plaintiffs do not contend otherwise.

Rule 32(a)(8) permits an earlier "lawfully taken" deposition to "be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." Moreover, "[a] deposition previously taken may also be used as allowed by the Federal Rules of Evidence." *Id.* Federal Rule of Evidence 804(b)(1) provides a hearsay exception for testimony that was given by an unavailable witness at a "lawful deposition, whether given during the current proceeding or a different one," that "is now offered against a party who had or . . . whose predecessor in interest had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B).

Thus, the use of Weiner's deposition at trial turns on whether Defendants have demonstrated that Warman and the Trust received adequate notice of the deposition, whether

Warman is a "predecessor in interest" of Moonshine LLC, which did not then exist[2] and whether Warman and the Trust had a similar motive to develop Weiner's deposition at the time.

Plaintiffs oppose the use of the Weiner deposition at trial based upon their contention that Warman did not receive "sufficient" notice. They note that he was unrepresented by counsel in the *Sysco* case when he received a notice of deposition and did not receive notice until fifteen days before the deposition was scheduled to take place in Massachusetts. Thus, they assert, the notice was unreasonable. As Defendants note, however, there is no specific advance notice that is contemplated by the Federal Rules of Civil Procedure. Rather, Rule 30 only requires that a party must give "reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1).[3]

Here, no local rule sets a specific number of days for service of a deposition notice and fifteen days' notice appears both to be reasonable and consistent with the practices identified in other nearby jurisdictions. Moreover, Plaintiffs fail to provide any context that might explain why the notice that was given to Warman was not reasonable. For example, they do not assert any facts that might establish that there was an impediment to Warman's attendance, argue that he was unable to retain counsel in a timely fashion or contend that he attempted to communicate with Mr. McLane to seek a postponement. Similarly, Plaintiffs do not argue that notice to Warman was inadequate to place the Trust on notice. It therefore appears that Warman simply chose not to

---

[2] Public records from the Pennsylvania Department of State indicate that Moonshine, LLC made an initial filing on July 22, 2014. *See* https://file.dos.pa.gov/search/business (last visited Dec. 27, 2022).

[3] In support of their position, Defendants cite *Engage Healthcare Communications, LLC v. Intellisphere, LLC*, 2017 WL 9481235 (D.N.J. Nov. 1, 2017), *report and recommendation adopted*, 2017 WL 6539242 (D.N.J. Dec. 21, 2017), contending that it allowed depositions on only five days' notice. This is not entirely accurate, however, as the court stated that "the conclusions herein are not based solely on the number of days' notice provided." *Id.* at *3. Nevertheless, the court did search for local rules on the topic and found none in New Jersey, although it noted that the District of Delaware had a ten-day rule and that the general practice in New Jersey was to allow at least fourteen days, not including mail time. *Id.* at *2.

attend the Weiner deposition. Thus, Defendants have established that Warman and the Trust received reasonable notice of Weiner's deposition in the *Sysco* case.

As it relates to whether Plaintiff Moonshine LLC had an opportunity to participate in the Weiner deposition, it is undisputed that it did not exist when the deposition was taken. As noted by the Court of Appeals for the Third Circuit in *Lloyd v. American Exp. Lines, Inc.*, 580 F.2d 1179, 1187 (3d Cir. 1978): "if it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party. Under these circumstances, the previous party having like motive to develop the testimony about the same material facts is, in the final analysis, a predecessor in interest to the present party." *Id.* (citation and quotations omitted); *see also New Jersey Tpk. Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 110 n.21 (3d Cir. 1999) ("Privity or a common property interest is not required to establish a predecessor in interest relationship, rather, a shared interest in the material facts and outcome of the case will create such an interest.").

In *In re Processed Egg Prod. Antitrust Litig.*, 2019 WL 5395914 (E.D. Pa. Oct. 22, 2019), Direct Action Plaintiffs ("DAPs") sought to preclude the use of the deposition of Beth Schnell, President and CEO of Sparboe Farms, Inc., who was deposed in connection with a separate state court antitrust action in Kansas. The Kansas action also alleged antitrust violations causing a restraint on trade and was "premised upon factual allegations that form the cause of actions at issue in [this] multidistrict litigation." The court held that because the Kansas action was:

> significantly similar to the matter at hand, the plaintiffs in the Kansas action would have also had a significantly similar motive to develop Ms. Schnell's testimony, as well as "a shared interest in the material facts and outcome of the case." The plaintiffs in the Kansas action can be fairly said to constitute the DAPs' predecessors in interest, making Ms. Schnell's prior deposition testimony admissible pursuant to Federal Rule of Evidence 804(b)(1). With the prior

attend the Weiner deposition. Thus, Defendants have established that Warman and the Trust received reasonable notice of Weiner's deposition in the *Sysco* case.

As it relates to whether Plaintiff Moonshine LLC had an opportunity to participate in the Weiner deposition, it is undisputed that it did not exist when the deposition was taken. As noted by the Court of Appeals for the Third Circuit in *Lloyd v. American Exp. Lines, Inc.*, 580 F.2d 1179, 1187 (3d Cir. 1978): "if it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party. Under these circumstances, the previous party having like motive to develop the testimony about the same material facts is, in the final analysis, a predecessor in interest to the present party." *Id.* (citation and quotations omitted); *see also New Jersey Tpk. Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 110 n.21 (3d Cir. 1999) ("Privity or a common property interest is not required to establish a predecessor in interest relationship, rather, a shared interest in the material facts and outcome of the case will create such an interest.").

In *In re Processed Egg Prod. Antitrust Litig.*, 2019 WL 5395914 (E.D. Pa. Oct. 22, 2019), Direct Action Plaintiffs ("DAPs") sought to preclude the use of the deposition of Beth Schnell, President and CEO of Sparboe Farms, Inc., who was deposed in connection with a separate state court antitrust action in Kansas. The Kansas action also alleged antitrust violations causing a restraint on trade and was "premised upon factual allegations that form the cause of actions at issue in [this] multidistrict litigation." The court held that because the Kansas action was:

> significantly similar to the matter at hand, the plaintiffs in the Kansas action would have also had a significantly similar motive to develop Ms. Schnell's testimony, as well as "a shared interest in the material facts and outcome of the case." The plaintiffs in the Kansas action can be fairly said to constitute the DAPs' predecessors in interest, making Ms. Schnell's prior deposition testimony admissible pursuant to Federal Rule of Evidence 804(b)(1). With the prior

attend the Weiner deposition. Thus, Defendants have established that Warman and the Trust received reasonable notice of Weiner's deposition in the *Sysco* case.

As it relates to whether Plaintiff Moonshine LLC had an opportunity to participate in the Weiner deposition, it is undisputed that it did not exist when the deposition was taken. As noted by the Court of Appeals for the Third Circuit in *Lloyd v. American Exp. Lines, Inc.*, 580 F.2d 1179, 1187 (3d Cir. 1978): "if it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party. Under these circumstances, the previous party having like motive to develop the testimony about the same material facts is, in the final analysis, a predecessor in interest to the present party." *Id.* (citation and quotations omitted); *see also New Jersey Tpk. Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 110 n.21 (3d Cir. 1999) ("Privity or a common property interest is not required to establish a predecessor in interest relationship, rather, a shared interest in the material facts and outcome of the case will create such an interest.").

In *In re Processed Egg Prod. Antitrust Litig.*, 2019 WL 5395914 (E.D. Pa. Oct. 22, 2019), Direct Action Plaintiffs ("DAPs") sought to preclude the use of the deposition of Beth Schnell, President and CEO of Sparboe Farms, Inc., who was deposed in connection with a separate state court antitrust action in Kansas. The Kansas action also alleged antitrust violations causing a restraint on trade and was "premised upon factual allegations that form the cause of actions at issue in [this] multidistrict litigation." The court held that because the Kansas action was:

> significantly similar to the matter at hand, the plaintiffs in the Kansas action would have also had a significantly similar motive to develop Ms. Schnell's testimony, as well as "a shared interest in the material facts and outcome of the case." The plaintiffs in the Kansas action can be fairly said to constitute the DAPs' predecessors in interest, making Ms. Schnell's prior deposition testimony admissible pursuant to Federal Rule of Evidence 804(b)(1). With the prior

deposition testimony "allowed by the Federal Rules of Evidence," it is also admissible pursuant to Federal Rule of Civil Procedure 32(a)(8).

*Id.* at *2.

Plaintiffs have not explained how the interests of Warman and the Trust would differ from those of Moonshine LLC such that the use of the Weiner deposition at trial would be unfair to Moonshine LLC. Plaintiffs have asserted that Warman is the owner and manager of Moonshine LLC, that the Trust is the owner of the trade secret and that Moonshine LLC has been using the trade secret recipe since 2012. The Court has reviewed the transcript of the Weiner deposition and notes that it includes, among other matters, his testimony regarding the fudge recipe, including how it was acquired, its availability, his observations about how the fudge was made, his involvement in making fudge with a formula that Warman taught him, his use and modification of that formula and confidentiality issues. Based upon the relationship between Warman, the Trust and Moonshine LLC, as well as the scope of the deposition, the Court concludes that Warman and Moonshine LLC would have had the same motives to develop testimony about facts related to the trade secret. Thus, Warman qualifies as the predecessor in interest to Moonshine LLC.

Plaintiffs also argue that Warman and the Trust had no motive to develop Weiner's testimony in 2013 because by that time, the trial court had already granted Warman's motion for a preliminary injunction regarding the trade secret, which was upheld on appeal to the Superior Court.

Defendants respond that the injunction was only preliminary and that the core of the litigation became the alleged trade secret and any royalties which might be paid for the trade secret if the plaintiffs ultimately won their case. They note that it was not surprising that Three Rivers sought to depose Weiner, who had previously worked with Warman and Falvo and had learned the fudge recipe from them, to rebut Warman's claim that he had preserved the recipe as a trade

secret. Further, they argue, Warman's counsel had previously sent a letter to the Hershey Chocolate Company, claiming that Weiner was "illegally" using the recipe despite the fact that he had signed a confidentiality agreement. Thus, Warman was on notice that Weiner had information against Warman's interests when he received the notice of deposition.[4]

Thus, Defendants have demonstrated that Warman and the Trust had a "similar motive" to develop Weiner's testimony in the *Sysco* case as they do now. The fact that they had obtained a preliminary injunction regarding the recipe did not mean that the issue was resolved, and they had reason to know that Weiner's testimony would not be favorable to their position.

While Plaintiffs assert that the scope of the Weiner deposition was far broader than the trade secret issues, they do not explain why that matters. If there are portions of Weiner's testimony that are not relevant to this case or are otherwise inadmissible, Plaintiffs can object to the inclusion of those portions at trial. And Rule 32(a)(8) only requires that any admissible testimony involve "the same subject matter." As Defendants note, the trade secret at issue in this case became an issue in the *Sysco* case before Weiner was deposed and therefore, as a review of his testimony reveals, it was the same subject matter.

Thus, for these reasons, Defendants will be permitted to amend their Pretrial Statement as outlined below. However, pursuant to the requirements of the Pretrial Order, the parties must designate any depositions or excerpts from depositions, including the Weiner deposition, to be offered at trial no later than October 27, 2023. Plaintiffs' ability to object to those portions that they assert are irrelevant or otherwise not admissible is expressly reserved as set forth in the Pretrial

---

[4] Plaintiffs' argument that the motion should be denied because the notice of deposition did not include the subject matter of the deposition is unpersuasive. Other than with respect to a 30(b)(6) deposition, there is no requirement in the Federal Rules of Civil Procedure that a notice of deposition directed to a witness is required to include a description of the subject matter of the deposition.

7

Order, and the deadline for any such objections is November 3, 2023. This Court makes no finding as to the admissibility of any designations of the Weiner deposition or any objections thereto in this order.

Plaintiffs state that if Defendants' motion is granted, they seek permission to take the deposition of Weiner for use at trial. Since Weiner is located more than 100 miles from the place of trial, Fed. R. Civ. P. 32(a)(4)(B), he cannot be compelled to attend the trial. Thus, Plaintiffs may take his deposition for use at trial in the event that they are able to do so.[5]

Therefore, this 6th day of October, 2023, it is ORDERED that Defendants' Motion For Permission to Amend Pretrial Statement (ECF No. 193) is GRANTED. No later than October 16, 2023, Defendants may file an amended pretrial statement that identifies the deposition transcript of Alex Weiner as a deposition to be offered at trial, identifies Daniel McLane as a potential witness and includes the Notice of Deposition of Alex Weiner and accompanying service letter from Mr. McLane as exhibits.

It is further ORDERED that Plaintiffs may take Alex Weiner's deposition for use at trial.

BY THE COURT:

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

---

[5] During the status conference on October 4, 2023, Defendants objected to Plaintiffs taking Weiner's deposition for use at trial because of their position that it would actually be a discovery deposition. Regardless of whether Weiner's deposition was taken in this case, Plaintiffs are not precluded from taking his deposition for use at trial, just as they would not be barred from compelling his appearance as a witness at trial if he was "available" by serving him with a subpoena.