IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER WARMAN; TRUST FOR FAMILY OF CHRISTOPHER WARMAN; and CHOCOLATE MOONSHINE, LLC,  )<br><br>Plaintiffs,  )<br>v.  )<br><br>LOCAL YOKELS FUDGE, LLC; CHRISTINE FALVO; CHARLES BRIAN GRIFFIN; DONALD KONIECZNY; and CM CHOCOLATIER,  )<br><br>Defendants.  ) | Civ. A. No. 2:19-cv-1224 |

## VERDICT

### A. Misappropriation of Trade Secrets Claim Against Local Yokels Fudge, Christine Falvo and Donald Konieczny

1. Do you find by a preponderance of the evidence that the fudge formula identified by Plaintiffs in Plaintiffs' Exhibit 1 is a trade secret?

    Yes __✓__    No _____

*If you answered "Yes," to Question No. 1, please proceed to Question No. 2.*

*If you answered "No" to Question No.1, proceed to Question No. 8.*

2. Please specify who owns the trade secret. **Select only one of the following:**

    a. Christopher M. Warman      _____

    b. Trust for Family of Christopher Warman    __✓__

    c. Christopher M. Warman and Local Yokels    _____

    d. Trust for Family of Christopher Warman and Local Yokels  _____

*If you answered "a" or "b", please proceed to Question No. 3. If you answered "c" or "d," please proceed to Question No. 8.*

3. Do you find by a preponderance of the evidence that one or more of the Defendants misappropriated the trade secret?

    Yes __✓__        No _____

*If you answered "Yes," to Question No. 3, please proceed to Question No. 4.*

*If you answered "No" to Question No. 3, please proceed to Question No. 8.*

4. Please specify which of the Defendants misappropriated the trade secret? **You may select one or more than one:**

    Local Yokels Fudge, LLC    __✓__

    Christine Falvo    __✓__

    Donald Konieczny    __✓__

*Please proceed to Question No. 5.*

5. What, if anything, do you award in damages to the Plaintiff identified in your response to Question No. 2 and against the Defendant(s) you identified in response to Question No. 4? If you award damages, **please select only one of the following**:

    a. Plaintiff's actual loss and for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss.

        Damages: $_____

                **OR**

    (b.) A reasonable royalty to Plaintiff for the unauthorized disclosure or use of the trade secret.

        Damages: $__145,777__

*Please proceed to Question No. 6.*

2

6. Do you find by a preponderance of the evidence that the misappropriation of Plaintiff's trade secret was willful and malicious?

Yes _____     No ____✓____

*If your answer is "Yes," proceed to Question No. 7.*

*If your answer is "No," and you have found that only some, but not all, of Defendants Local Yokels, Konieczny and Falvo misappropriated a trade secret, please proceed to Question No. 8, and only respond with respect to the Defendant or Defendants who you have found **did not** misappropriate the trade secret.*

*If you have found that all of the Defendants misappropriated a trade secret, proceed to Question No. 14.*

7. State the amount of exemplary damages you award in favor of the Plaintiff you identified in response to Question No. 2 and against the Defendants you identified in response to Question No. 4. The amount of exemplary damages you may award cannot be more than two times the amount of damages you awarded in response to Question No. 5.

Exemplary Damages: $_____

*If you have found that only some, but not all, of Defendants Local Yokels, Konieczny and Falvo misappropriated a trade secret, please proceed to Question No. 8, and only respond with respect to the Defendant or Defendants who you have found **did not** misappropriate the trade secret.*

*If you have found that all of the Defendants misappropriated a trade secret, proceed to Question No. 14.*

B. **Unjust Enrichment Claim Against Defendants Local Yokels, Falvo and/or Konieczny**

8. Do you find by a preponderance of the evidence that Plaintiffs Warman or the Trust of Christopher Warman conferred a benefit on Defendants Local Yokels, Christine Falvo and Donald Konieczny, or any of them?

Yes _____     No _____

*If your answer is "Yes," proceed to Question No. 9.*

*If your answer is "No," proceed to Question No. 14.*

3

9. Please specify which of the Plaintiffs conferred a benefit on one or more of the Defendants. **Select only one of the Plaintiffs**:

    Christopher M. Warman                _____

    Trust for Family of Christopher Warman     _____

*Please proceed to Question No. 10.*

10. Please specify which of the Defendants received a benefit. **You may select one or more than one**:

    Local Yokels Fudge, LLC      _____

    Christine Falvo             _____

    Donald Konieczny         _____

*Please proceed to Question No.11.*

11. Do you find by a preponderance of the evidence that the Defendant(s) identified in response to Question No. 10 had knowledge of the benefit conferred by the Plaintiffs identified in response to Question No. 9?

               Yes_____       No_____

*If you answered "Yes," to Question No. 11, please proceed to Question No. 12.*

*If you answered "No" to Question No. 11, please proceed to Question No. 14.*

12. . Do you find by a preponderance of the evidence that the Defendant(s) identified in response to Question No. 10 accepted and retained the benefit under circumstances where it would be inequitable or unjust for those Defendants to accept and retain that benefit?

        Yes_____     No_____

4

*If you answered "Yes," to Question No. 12, please proceed to Question No. 13.*

*If you answered "No" to Question No. 12, please proceed to Question No. 14.*

13. What is the value of the benefit that find that you find that the Plaintiffs identified in response to Question No. 9 conferred on the Defendant(s) identified in response to Question No. 10?

    Value of Benefit Conferred: $_____

*Please proceed to Question No. 14.*

### C. Unjust Enrichment Claim Against Defendant CM Chocolatier

14. Do you find by a preponderance of the evidence that Plaintiffs, or any of them, conferred a benefit on Defendant CM Chocolatier?

    Yes __✓__ No_____

*If you answered "Yes," to Question No. 14, please proceed to Question No. 15.*

*If you answered "No" to Question No. 14, your deliberations are complete. Do not answer the remaining questions. Please sign and date this verdict form and notify the clerk that your deliberations are complete.*

15. Please specify which of the Plaintiffs conferred a benefit on Defendants. **Select only one of the Plaintiffs:**

    Christopher M. Warman  _____

    Trust for Family of Christopher Warman __✓__

*Please proceed to Question No. 16.*

16. Do you find by a preponderance of the evidence that CM Chocolatier had knowledge of the benefit conferred by the Plaintiff identified in response to Question No. 15?

    Yes __✓__  No_____

*If you answered "Yes," to Question No. 16, please proceed to Question No. 17.*

5

*If you answered "No" to Question #17, your deliberations are complete. Do not answer the remaining questions. Please sign and date this verdict form and notify the clerk that your deliberations are complete.*

17. Do you find by a preponderance of the evidence that CM Chocolatier accepted and retained the benefit under circumstances where it would be inequitable or unjust for it to accept and retain that benefit?

Yes ✓    No ____

*If you answered "Yes," to Question No. 17, please proceed to Question No. 18.*

*If you answered "No" to Question No. 17, your deliberations are complete. Do not answer the remaining questions. Please sign and date this verdict form and notify the clerk that your deliberations are complete.*

18. What is the value of the benefit that find that you find that the Plaintiff identified in response to Question No. 15 conferred on CM Chocolatier?

Value of Benefit Conferred: $ 91,929.00

*Your deliberations are now complete. Please sign and date this verdict form and notify the clerk that your deliberations are complete.*

Dated: 12/8/23

_____
Foreperson

[signatures of jurors, including "Amanda Offield" and others]

6