IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. WARMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action 19-1224 |
| | ) Magistrate Judge Dodge |
| vs. | ) |
| | ) |
| LOCAL YOKELS FUDGE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**MEMORANDUM ORDER**

Plaintiffs Christopher M. Warman ("Warman"), the Trust for Family of Christopher Warman (the "Trust") and Chocolate Moonshine, LLC ("Moonshine LLC") brought this action against Defendants Local Yokels Fudge, LLC ("Local Yokels"), Christine Falvo ("Falvo"), Charles Brian Griffin ("Griffin"), Donald Konieczny ("Konieczny") and CM Chocolatier, LLC ("Chocolatier"). The Amended Complaint asserted various federal and state law claims arising out of Defendants' alleged use of Plaintiffs' recipe for making fudge, which was asserted to be a trade secret. In turn, Defendants asserted various counterclaims. This case was recently tried before a jury and the jury rendered a verdict, as described below.

Pending before the Court is Plaintiffs' Motion for Dismissal of Non-Tried Claims and Counterclaims (ECF No. 294). For the reasons that follow, the motion will be denied.

**I.    Procedural History**

Plaintiffs commenced this action in September 2019 and subsequently filed an Amended Complaint on August 27, 2020 (ECF No. 51). Federal question jurisdiction, 28 U.S.C. §§ 1331, 1338, was invoked based on the trade secret, trademark and copyright claims, and supplemental jurisdiction was asserted over the state law claims, 28 U.S.C. § 1367(a). The Amended Complaint

included thirteen counts: trade secret misappropriation in violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1831-39 ( (Count I), and the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. §§ 5301-08 ( (Count II); contributory trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125 (Count III); tortious interference with contractual relations by Falvo and Local Yokels (Count IV) and by Griffin and Chocolatier (Count VI); trademark infringement (Count V); breach of contract by Chocolatier (Count VII) and Falvo (Count VIII); unjust enrichment (Count IX); civil conspiracy (Count X); defamation (Count XI); contributory copyright infringement by Falvo, Local Yokels and Konieczny (Count XII); and copyright infringement by all Defendants (Count XIII), with the last two claims based on violations of the Copyright Act, 17 U.S.C. § 501.

Defendants denied Plaintiffs' allegations and asserted counterclaims against them. These counterclaims included breach of contract, conspiracy, tortious interference with contract or prospective beneficial commercial relationship and unfair competition.[1]

On December 27, 2022, an opinion and order were filed granting Defendants' motion for summary judgment as to Counts III, V, XII and XIII (the trademark and copyright claims) and denying it in all other respects (ECF Nos. 159, 160).

As a result, Plaintiffs' remaining claims were the federal (Count I) and state (Count II) trade secret misappropriation claims; tortious interference with contractual relations by Falvo and Local Yokels (Count IV) and by Griffin and Chocolatier (Count VI); breach of contract by Chocolatier (Count VII) and Falvo (Count VIII); unjust enrichment (Count IX); civil conspiracy (Count X); and defamation (Count XI). As Defendants note, the summary judgment opinion determined that the state law claims in Counts IV, VI, VII and VIII survived only to the extent that they related to the trade secret claims.

---

[1] Certain other counterclaims were dismissed upon motion of the Plaintiffs (ECF Nos. 66, 67).

On August 1, 2023, Plaintiffs filed a Pretrial Statement (ECF No. 185), which discussed only their trade secret misappropriation, unjust enrichment and defamation claims and associated claimed damages. Defendants' Pretrial Statement addressed only one of its counterclaims, which sought $11,000.00 for breach of contract. (ECF No. 190 at 9.) On November 20, 2023, Plaintiffs filed a Trial Brief (ECF No. 257). Their brief only discussed their trade secret misappropriation and unjust enrichment claims.

After Plaintiffs' Motion for Leave to File Second Amended Complaint and for Amendment of the Court's Pretrial Order (ECF No. 191) was denied (ECF No. 203), Plaintiffs sought leave to file a Supplemental Pretrial Statement (ECF No. 204). Plaintiffs stated in their motion that the purpose of their requested relief was to present their tortious interference claim in a manner consistent with the Court's ruling of Defendants' motion for summary judgment and to clarify that they intended to present at trial their breach of contract claims insofar as they were consistent with the summary judgment decision. In an Order issued on October 25, 2023 (ECF No. 232), the Court denied their motion, noting that to the extent that Plaintiffs merely represented that they intend to pursue claims at trial that have been asserted in their Amended Complaint, amendment of their Pretrial Statement was unnecessary. As the Court stated in its Order, "Plaintiffs are not precluded from introducing evidence that supports their existing claims." (ECF No. 232 at 5.) At the same time, Plaintiffs' motion was denied to the extent that Plaintiffs sought to assert claims that were previously dismissed, or to interject new facts regarding their existing claims or expand existing claims to include matters that took place long after the Amended Complaint was filed. As the Court noted, these facts had not been subject to discovery, which closed in mid-2021.

Subsequently, and prior to the final pretrial conference on November 20, 2023, Plaintiffs submitted a Trial Brief (ECF No. 257) which addressed only their misappropriation of trade secrets

and unjust enrichment claims. Similarly, their proposed verdict form (ECF No. 256) included only these claims. The parties' joint proposed jury instructions (ECF No. 255) only included instructions regarding these claims. A final pretrial conference took place on November 20, 2023. At this conference and in subsequent conferences, Plaintiffs indicated that they would be proceeding at trial only with their claims of trade secret misappropriation and unjust enrichment.[2]

On November 27, 2023, a two-week jury trial commenced. During the trial, the testimony and evidence presented related only to Plaintiffs' trade secret misappropriation and unjust enrichment claims. No testimony or evidence was introduced relating to Plaintiffs' other claims or Defendants' counterclaims. The final verdict form, which was discussed at length with the parties, only included the misappropriation and unjust enrichment claims, and only those claims were submitted to the jury.

At the conclusion of the trial, the jury reached a verdict that found Defendants Falvo, Konieczny and Local Yokels liable for trade secret misappropriation under federal and state law (Counts I and II) and found Defendant Chocolatier liable for unjust enrichment (Count IX) (ECF No. 288).

On January 8, 2024, Plaintiffs filed the motion for dismissal of the non-tried claims, which has been fully briefed (ECF Nos. 294, 301).

## II.    Analysis

Plaintiffs acknowledge that they cannot proceed under Federal Rule of Civil Procedure 41(a), which discusses the circumstances in which a plaintiff may dismiss "an action." By its plain language, Rule 41(a) does not provide a path for the relief requested. As summarized by another

---

[2] During several conferences before and throughout the trial, the Court asked the parties to dismiss the claims and counterclaims that they had elected not to pursue. While suggesting that they would do so, neither side did.

district court: "Rule 41(a), Fed. R. Civ. P., provides for a plaintiff's dismissal of an entire case against some or all defendants (with or without leave of court), but not for dismissal of some but not all counts against a particular defendant." *Pagan v. Rivera*, 2022 WL 2193491, at *1 (D.N.J. June 17, 2022) (citations omitted).

Plaintiffs also indicate that: "Although some courts have indicated that a motion under Rule 41(a) to dismiss less than all claims against a defendant should be regarded as a motion to amend the complaint under Rule 15, *e.g., Pagan*, a post-trial motion under Rule 15 is available only in certain circumstances that are not present here." (ECF No. 294 at 4.) Thus, as they admit, they cannot proceed under Rule 15.

Instead, Plaintiffs contend that their motion is brought under Rule 41(b)(2), which refers to dismissal of "the action or any claim." They argue that this Rule allows them to move for dismissal without prejudice of their non-tried claims (Counts IV, VI, VII, VIII, X and XI).

As Rule 41(b)(2) clearly states, however, "a *defendant* may move to dismiss the action or any claim against it."[3] As the Supreme Court has stated: Rule 41(b) "is on its face appropriate only as a defendant's remedy." *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 207 (1958). As summarized by a leading treatise on civil procedure: "The Rule's language makes it apparent that Rule 41(b) is solely a defendant's procedure, although it obviously may be invoked by a plaintiff who is defending against a counterclaim." 9 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ*. § 2369 (4th ed.) Plaintiffs could potentially utilize Rule 41(b)(2) to dismiss Defendants' untried counterclaims, but not with respect to their claims in the Amended Complaint which they elected not to pursue.

---

[3] Although Defendants argue that the proposed dismissal should be with prejudice rather than without prejudice, they have not challenged Plaintiffs' attempt to invoke Rule 41(b)(2) nor have they made a Rule 41(b)(2) motion.

Simply put, there is no procedural vehicle by which Plaintiffs can move to dismiss without prejudice the claims that they failed to pursue at trial. Indeed, in the normal course of litigation, all claims and issues in a civil action are presented for resolution in one trial. *See, e.g., Lis v. Robert Packer Hosp.*, 579 F.2d 819 (3d Cir. 1978). Presumably, Plaintiffs made a conscious and deliberate choice about which claims to present to the jury and have provided no authority for their contention that they can now seek dismissal without prejudice of the claims and counterclaims the parties opted not to pursue, seemingly reserving the option to reassert the very same claims at some later time. While there is a procedural mechanism to request separate trials for separate claims, namely Rule 42(b), Plaintiffs never filed a motion seeking this relief.[4] Therefore, Plaintiffs and Defendants are bound by the strategic decisions they made at trial.

With the conclusion of the trial, all claims presented to the jury have been resolved. Any remaining claims or counterclaims not presented to the jury are also resolved by the parties' failure to prosecute them. Because they are no longer pending, they are not subject to dismissal.[5]

### III.    Conclusion

Therefore, this 6th day of February, 2024, Defendants' Motion for Dismissal of Non-Tried Claims and Counterclaims (ECF No. 294) is DENIED because all claims and counterclaims asserted in this action were either presented to the jury or were not prosecuted at trial. Thus, there

---

[4] Claims may also be severed under Rule 21. "A severed claim proceeds as a discrete suit and results in its own final judgment from which an appeal may be taken." *U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.,* 149 F.3d 227, 231 (3d Cir. 1998). However, Rule 42(b) is more "appropriate where claims are factually interlinked, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other." *Karlo v. Pittsburgh Glass Works, LLC*, 2015 WL 6134052, at *3 (W.D. Pa. Oct. 16, 2015) (quoting *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006)). While Plaintiffs suggested before trial that such a mechanism could be employed, they did not file a motion seeking relief under either Rule 21 or Rule 42(b).

[5] The Court takes no position at this time on any future claims that Plaintiffs may intend to pursue against one or more of the Defendants that were not asserted in the Amended Complaint.

are no remaining claims or counterclaims in this action.

BY THE COURT:

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge