IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. WARMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action 19-1224 |
| ) | |
| vs. ) | Magistrate Judge Patricia L. Dodge |
| ) | |
| LOCAL YOKELS FUDGE, LLC, et al., ) | |
| ) | |
| Defendants. | |

### MEMORANDUM OPINION

Plaintiffs Christopher M. Warman ("Warman"), the Trust for Family of Christopher Warman (the "Trust") and Chocolate Moonshine, LLC ("Moonshine LLC") brought this action against Defendants Local Yokels Fudge, LLC ("Local Yokels"), Christine Falvo ("Falvo"), Charles Brian Griffin ("Griffin"), Donald Konieczny ("Konieczny") and CM Chocolatier, LLC ("Chocolatier"). The Amended Complaint asserted various federal and state law claims arising out of Defendants' alleged use of Plaintiffs' recipe for making fudge, which was asserted to be a trade secret. The case was tried before a jury and the jury rendered a verdict, as described below.

Pending before the Court is Defendants' Motion For Counsel Fees For Plaintiffs' Vexatious and Bad Faith Filing of Motion For Permanent Production Injunction (ECF No. 426). For the reasons that follow, the motion will be denied.

I.  **Relevant Procedural History**

Plaintiffs commenced this action on September 24, 2019 and subsequently filed an Amended Complaint on August 27, 2020 (ECF No. 51). The Amended Complaint included thirteen counts, among which were: trade secret misappropriation in violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1831-39 ("DTSA") (Count I), and the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. §§ 5301-08 ("PUTSA") (Count II); and unjust enrichment (Count IX).

On November 27, 2023, a jury trial commenced on Plaintiffs' trade secret misappropriation and unjust enrichment claims. At the conclusion of the two-week trial, the jury reached a verdict finding that the recipe was a trade secret owned by the Trust, that Defendants Falvo, Konieczny and Local Yokels were liable for trade secret misappropriation under the DTSA and PUTSA and that Defendant Chocolatier was liable for unjust enrichment. The jury awarded damages with respect to these claims (ECF No. 288).

On December 22, 2023, the Trust filed a motion for a permanent injunction (ECF No. 291) followed shortly thereafter by "Supplemental Motion for Expedited Permanent Injunction Based on Continued Trade Secret Misappropriation by Defendants Local Yokels, Fudge, LLC, Christine Falvo and Donald Koniecczy" (ECF No. 297).

In its first motion, the Trust argued that it was entitled to a permanent injunction against Falvo, Konieczny and Local Yokels (the "Local Yokels Defendants") that, among other things, would permanently enjoin them from the disclosure, use, manufacture or sale of the trade secret, require them to submit to an audit and an accounting and impose a permanent bar on a "worldwide basis" from dealing with any fudge products in any way, including manufacturing or selling fudge. In so doing, it sought a production injunction rather than a use injunction.

The Trust's Supplemental Motion sought a permanent injunction based upon "continued trade secret misappropriation" to prevent the Local Yokels Defendants from using the trade secret recipe.

The Court issued a Memorandum Opinion (ECF No. 345) and two Orders (ECF Nos. 346, 347) on March 26, 2024 that denied both motions.

Defendants subsequently filed the motion currently under consideration (ECF No. 426), which has been fully briefed (ECF Nos. 427, 455).

2

II.  Analysis

    A.  Standard of Review

With respect to the imposition of sanctions for certain conduct, the Supreme Court has held that the "inherent powers" of federal courts includes:

> …"the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991). And one permissible sanction is an "assessment of attorney's fees"—an order, like the one issued here, instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side. *Id.*, at 45, 111 S. Ct. 2123.

*Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). However, "such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature." *Id.* at 108 (citation omitted). "In other words, the fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* (citations omitted).

The Court of Appeals has held that "a prerequisite for the exercise of the district court's inherent power to sanction is a finding of bad faith conduct." *Landon v. Hunt*, 938 F.2d 450, 454 (3d Cir. 1991). To find bad faith, a court must find "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, *e.g.*, harassment or delay." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986). "Bad faith must be demonstrated by clear and convincing evidence." *Gethers v. PNC Bank*, 2019 WL 2211117, at *9 (W.D. Pa. May 22, 2019) (citation omitted).

    B.  Motion for Production Injunction

Defendants contend that Plaintiffs' pursuit of a production injunction in this case was in bad faith because it was not supported by any facts or legal basis and Warman's second declaration demonstrated that his sole intent was to drive Defendants out of business. Plaintiffs respond that

3

their failure to prevail by meeting the high bar for the issuance of an injunction does not establish that they acted in bad faith.

According to Defendants, Warman admitted at trial that there are many other publicly available recipes for making fudge, all of which they could use without misappropriating the trade secret recipe. Thus, they claim that there are no circumstances in which Plaintiffs could justify a request for a permanent production injunction.[1] As they note: "A 'production injunction' . . . completely bars [a] defendant from manufacturing the type of product in which the trade secret is utilized" and should only be imposed "when a trade secret is 'inextricably connected' to the defendant's manufacture of the product[.]"*Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 389 (3d Cir. 2021) (citation omitted).

However, Defendants cite no authority to support the argument that a party who files an unsuccessful motion "must have known" that the motion would be denied, much less that the filing of the motion alone demonstrates that it was filed for an ulterior purpose such as harassment or delay (or here, to drive Defendants out of business). It is fair to say that the parties have a significant history of disputes both prior to and during this litigation. Thus, it is not beyond the realm of possibility that the parties' contentious relationship resulted in a level of distrust about their respective businesses. Indeed, Warman has suggested at times that any fudge recipe used by Defendants would borrow from his trade secret.

As noted above, bad faith must be demonstrated by clear and convincing evidence. The filing of a motion, regardless of Defendants' contention that it could not be granted under any circumstances, is insufficient to constitute clear and convincing evidence of bad faith.

---

[1] In the alterative, the Trust sought a permanent use injunction that would have barred the Local Yokels Defendants from using the trade secret and any fudge recipe derived from the trade secret.

Defendants correctly note that the Court determined that "both of Warman's declarations on which the Trust relies fail to meet the necessary evidentiary standards." (ECF No. 345 at 12.) The Court further stated that:

> Instead, his declarations substantially rely on hearsay, suppositions, assumptions and unsupported conclusions. For example, many of his statements are rank hearsay offered for their truth, including his claim about what he was supposedly told during "conversations with other show operators and attendees from the industry;" what a dairy supplier told him about purchases made by Local Yokels; what he was informed by "promoters of certain events;" and what he was told by the McIntoshes. All of this testimony represents inadmissible hearsay and notably, the Trust makes no effort to argue otherwise. Thus, this hearsay cannot and will not be considered in connection with the Trust's motions.

(*Id.* at 13.)

And with respect to Warman's second declaration, the Court stated that it:

> materially contradicts his trial testimony on at least two key matters. First, he contended before and during trial that his fudge was unique and superior to all others because, among other things, it does not contain a certain "doctoring agent." He has also consistently denied that his fudge recipe is the same as the one in the patent, which does use the "doctoring agent." However, now that the Local Yokels Defendants have included this ingredient in their new recipe, thereby distinguishing it from the trade secret, he wholly minimizes the significance of this distinction. Second, he emphasized at trial that the trade secret recipe uses water. But upon learning that Local Yokels Defendants' recipe does not use water as a separate ingredient, he now attempts to argue that there is water contained in some of their other ingredients. This conveniently ignores the fact that the trade secret recipe uses these other ingredients as well.

(*Id.* at 14-15.)

The problem with Defendants' argument is that in making these findings, the Court concluded not that Warman had engaged in bad faith, but rather, that Plaintiffs had not supported their motions for a permanent injunction with admissible evidence. "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). The Court held that Plaintiffs did not meet the high standard required for granting a motion for a permanent injunction. The Court did not hold

that Warman's declarations were filed in bad faith and for the sole purpose of driving Defendants out of business. Indeed, the Court explicitly stated that it "will not engage in weighing the credibility of these declarations as that would be inappropriate absent an evidentiary hearing and notably, none of the parties requested such a hearing." (ECF No. 345 at 12.) Thus, while there is no doubt that Warman's declarations were without sufficient admissible evidence or otherwise contradictory, the Court made no findings about the motive behind these declarations.

Here, there is an insufficient basis to conclude the Plaintiffs' advanced their injunction motions in bad faith. Therefore, Defendants' motion for attorney's fees premised on the Court's inherent power will be denied.

    C. <u>Motion Under the DTSA</u>

In the alternative, Defendants cite a provision of the DTSA which provides that "if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party." 18 U.S.C. § 1836(b)(3)(D). However, as Plaintiffs note, Defendants cannot demonstrate that Plaintiffs' claims for trade secret misappropriation were made in bad faith because the Trust prevailed on its misappropriation claims after a full jury trial. Moreover, the Court has not found that Plaintiffs' post-trial allegations of misappropriation of trade secrets were in bad faith.

The Supreme Court has held that "a 'prevailing party' is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). Defendants were not awarded any relief on Plaintiffs' trade secret misappropriation claims; rather, they successfully opposed Plaintiffs' motions for injunctive relief. They cite no authority to support their contention that a party who successfully opposes a motion

for permanent injunction under the DTSA can recover attorney's fees and the Court is unaware of any case law that supports this position. Therefore, their motion for attorney's fees under § 1836(b)(3)(D) will be denied.

### III. Conclusion

For the reasons set forth herein, Defendants' Motion For Counsel Fees For Plaintiffs' Vexatious and Bad Faith Filing of Motion For Permanent Production Injunction (ECF No. 426) will be denied.

An appropriate order will follow.

Dated: April 16, 2025

BY THE COURT:

s/Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE