IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. WARMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action 2:19-1224 |
| | ) |
| vs. | ) Magistrate Judge Patricia L. Dodge |
| | ) |
| LOCAL YOKELS FUDGE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiffs Christopher M. Warman ("Warman"), the Trust for Family of Christopher Warman (the "Trust") and Chocolate Moonshine, LLC ("Moonshine LLC") brought this action against Defendants Local Yokels Fudge, LLC ("Local Yokels"), Christine Falvo ("Falvo"), Charles Brian Griffin ("Griffin"), Donald Konieczny ("Konieczny") and CM Chocolatier, LLC ("Chocolatier"). The Amended Complaint asserted various federal and state law claims arising out of Defendants' alleged use of Plaintiffs' recipe for making fudge, which they claimed to be a trade secret. Various claims were dismissed on summary judgment. Three claims were tried before a jury and the jury rendered a verdict, as described below.

Pending before the Court is Defendants' Motion for Supplemental Fees (ECF No. 477). For the reasons that follow, their motion will be granted.

I.   **Relevant Procedural History**

Plaintiffs commenced this action in September 2019 and subsequently filed an Amended Complaint on August 27, 2020 (ECF No. 51). The Amended Complaint includes thirteen counts, including: trade secret misappropriation in violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1831-39 ("DTSA") (Count I), and the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. §§ 5301-08 ("PUTSA") (Count II); contributory trademark infringement in violation of the

Lanham Act, 15 U.S.C. § 1125 (Count III); trademark infringement (Count V); unjust enrichment (Count IX); contributory copyright infringement by Falvo, Local Yokels and Konieczny (Count XII); and copyright infringement by all Defendants (Count XIII), with the last two claims based on violations of the Copyright Act, 17 U.S.C. § 501.

On December 27, 2022, an opinion and order were issued that granted Defendants' motion for summary judgment as to Counts III, V, XII and XIII (the trademark and copyright infringement claims) and denying it in all other respects (ECF Nos. 159, 160).

On December 9, 2024, Defendants filed a motion for attorney's fees under Rule 54 based on their success in obtaining summary judgment on the trademark and copy infringement claims (ECF No. 425).[1] After Plaintiffs filed a response in opposition (ECF No. 454), Defendants requested and received permission to file a reply brief, which they submitted on February 10, 2025 (ECF No. 467). The Court filed an opinion (ECF No. 473) and order (ECF No. 474) on April 16, 2025, that granted this motion and awarded fees as follows:

For the trademark infringement claims: $100,435.23 in legal fees and $2,671.93 in costs.

For the copyright infringement claims: $67,480.48 in legal fees and $3,532.00 in costs.

On April 21, 2025, Defendants filed a motion for supplemental fees (ECF No. 477). Plaintiffs stated that they would not oppose this motion but intended to take an appeal from the previous opinion and order awarding fees to Defendants (ECF No. 485). They have since taken an appeal (ECF No. 486).

---

[1] On that same date, Defendants also filed a Motion for Counsel Fees For Plaintiffs' Vexatious and Bad Faith Filing of Motion for Permanent Production Injunction (ECF No. 426). On April 16, 2025, the Court filed an opinion (ECF No. 475) and order (ECF No. 476) denying this motion.

## II. Analysis

### A. Standard of Review

"The Third Circuit has often held that 'fees on fees' are permissible if the district court finds that the number of hours expended in drafting the fee petition is reasonable." *Bowden v. DB Schenker*, 2019 WL 218786, at *3 (M.D. Pa. Jan. 16, 2019) (citation omitted).

The court should proceed "in two steps: (1) as with all fee petitions, it must first determine whether the fees on fees are reasonable; and (2) once the reasonability analysis is complete, the Court must consider the success of the original fee petition and determine whether the fees on fees should be reduced based on the results obtained." *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 142 (3d Cir. 2018).

### B. Reasonableness

Defendants argue that their request for "fees on fees" is reasonable. They note that the Court previously found that the rates charged by their counsel are reasonable and that recent case law shows that the rates charged by the primary attorneys in filing the fee petition are well below the market rates for attorneys in the Pittsburgh market. *See Wintjen v. Denny's, Inc.*, 2025 WL 1009003, at *7 (W.D. Pa. Apr. 4, 2025). Defendants have submitted a Declaration of Matthew R. Mazgaj in Support of Motion for Supplemental Fees, which attaches a compilation of all billing entries made by Defendants' counsel and staff related to the Rule 54 fee petition. (ECF No. 477-2 & Ex. 1.) Mr. Mazgaj explains why these fees, totaling $24,788.00 for 79.55 hours of work, are reasonable.

The Court has reviewed the Motion and Declaration and finds that these fees are reasonable. As previously found with respect to Defendants' first motion for attorney's fees and costs, the rates charged for the work performed is at or below the market rates for attorneys in

Pittsburgh. Further, both the work performed and the time spent on each activity was appropriate.

In any event, as Plaintiffs did not file a response or object to the fees sought, "this court may not *sua sponte* reduce any hours absent such an objection." *Bowden*, 2019 WL 218786, at *3 (M.D. Pa. Jan. 16, 2019). *See also Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005) ("The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party.")

Further, Defendants correctly assert that they achieved complete success on its original fee petition. *See United States ex rel. Palmer*, 897 F.3d at 142.

Therefore, the fees requested by Defendants will be awarded.

### III. Conclusion

For the reasons set forth herein, Defendants' Motion for Supplemental Fees will be granted. An appropriate order will follow.

Dated: May 23, 2025

BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE