**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER M. WARMAN, TRUST FOR FAMILY OF CHRISTOPHER WARMAN, CHOCOLATE MOONSHINE, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>LOCAL YOKELS FUDGE, LLC, CHRISTINE FALVO, CHARLES BRIAN GRIFFIN, DONALD KONIECZNY, CM CHOCOLATIER, LLC,<br><br>Defendants. | ) | Civil Action 2:19-1224 |

**MEMORANDUM OPINION**

Defendants Local Yokels Fudge, LLC, Christine Falvo, Charles Brian Griffin, Donald Konieczny and CM Chocolatier, LLC have filed a Motion to Retain Bonds Pending Disposition of Appellate-Fee Application (ECF No. 507). Plaintiffs Christopher Warman, Trust for Family of Christopher Warman and Chocolate Moonshine oppose the motion and request that the Court order that the bonds be released from the Court's registry.

For the reasons that follow, Defendants' motion will be granted.

## I. Relevant Procedural History

Plaintiffs brought this action alleging claims of trade secret misappropriation, trademark infringement and copyright infringement relating to a recipe for fudge. On December 27, 2022, the Court granted the Defendants' motion for summary judgment as to the trademark infringement and copyright infringement claims (ECF Nos. 159-60). Subsequently, the trade secret misappropriation claims proceeded to a jury trial. The jury found in Plaintiffs' favor (ECF No.

288) and on December 2, 2024, the Court entered judgment on these claims in the amount of $237,706.00 (ECF No. 423).

The Court entered an order on December 26, 2024 (ECF No. 434) granting Defendants' Consent Motion for Expedited Order Setting and Approving Cash Bond Pursuant to Rule 62(b) (ECF No. 431). The stay was conditioned on Defendants posting a cash bond equal to 120% of the jury award. (ECF No. 434.) The Court directed CM Chocolatier, LLC to deposit $110,314.80, and Local Yokels Fudge, LLC to deposit $174,932.40, into the Court's registry. (ECF No. 435.) Defendants made those deposits on December 30, 2024. (ECF Nos. 445, 446).

On April 16, 2025, the Court awarded Defendants attorneys' fees and costs in the amount of $174,119.64 against Plaintiffs with respect to Plaintiffs' trademark and copyright infringement claims. (ECF Nos. 473-74.) The Court later entered a supplemental award of attorneys' fees to Defendants in the amount of $24,788.00. (ECF Nos. 490-91.) Together, the two awards total $198,907.64 (the "Fee Awards"). On April 22, 2025, the Court denied Defendants' post-trial motions under Fed. R. Civ. P. 50 and Fed. R. Civ. P. 59. (ECF Nos. 479-82.)

Plaintiffs appealed the Fee Awards (ECF No. 486) and Defendants cross-appealed the denial of their renewed motion for judgment as a matter of law on the trade secret claim and motion for a new trial (ECF No. 488) to the United States Court of Appeals for the Third Circuit, Nos. 25-1935 (lead) and 25-1969 (consolidated).

On July 25, 2025, this Court granted Plaintiffs' motion to stay enforcement of the Fee Awards pending appeal, ordering that "[t]he stay shall remain in effect until the conclusion of the appeal." (ECF No. 496 ¶ 2.) On August 4, 2025, the Court approved (ECF No. 499) the parties' Stipulation and Order Regarding Plaintiffs' Bond (ECF No. 498.) That order stayed enforcement of the Fee Awards "pending any appeals in this matter, including the pending appeals at the United

States Court of Appeals for the Third Circuit (Case Nos. 25-1935 and 25-1969).” (ECF No. 499 ¶ 2). On August 22, 2025, Plaintiffs posted a bond issued by SureTec Insurance Company in the amount of $238,689.17, or 120% of the Fee Awards. (ECF No. 500.)

On July 29, 2026, the Third Circuit affirmed both the April 16, 2025 fee order and the April 22, 2025 order denying Defendants’ renewed motion for judgment as a matter of law. (ECF No. 503.) The Court of Appeals denied Defendants’ petition for rehearing en banc on August 25, 2026 and issued its mandate on September 2, 2026. (ECF No. 504.)

Defendants then filed an Application for Attorneys’ Fees and Expenses on August 12, 2026 (the “Application”) with the Third Circuit. Their Application seeks $79,222.61 in fees and expenses that were incurred in defending the fee order on appeal. *Warman v. Local Yokels Fudge, LLC*, No. 25-1935, ECF No. 56 (3d Cir. Aug. 12, 2026). Plaintiffs have opposed the Application (*Id.* Doc. 57 (3d Cir. Aug. 24, 2026). The Application remains pending before the Court of Appeals.

On September 24, 2026, Defendants filed the pending motion for the Court to retain the bonds pending the resolution of the Application at the Third Circuit (ECF No. 507). The motion has been fully briefed (ECF Nos. 508, 511).

The parties agree that at this time, Plaintiffs’ judgment of $237,706.00 exceeds Defendants’ Fee Awards of $198,907.64 by the amount of $38,798.36. Thus, if the funds were released now, Plaintiffs would be entitled to $38,798.36 by way of offset. If, on the other hand, Defendants’ Application is granted in full, their total award will increase to $278,130.25, which exceeds Plaintiffs’ judgment by $40,424.25. “The right of setoff (also called ‘offset’) allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the

absurdity of making A pay B when B owes A." *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (citation omitted).

The subject of the pending motion relates to the parties' disagreement regarding whether the bonds should be released now or retained in the Court's registry pending disposition of Defendants' pending Application before the Third Circuit.

## II. **Issuance and Release of Supersedeas Bonds**

Rule 62(b) of the Federal Rules of Civil Procedure provides that: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). "The purpose behind the rule is to preserve the status quo, while at the same time protecting the prevailing party's rights pending the outcome of post-trial motions or appeal." *Ely v. Cabot Oil & Gas Corp.*, 2017 WL 1493481, at *1 (M.D. Pa. Apr. 26, 2017) (citations omitted).

No Rule of Civil Procedure or statute governs the timing of the release of funds deposited under Rule 62(b), although Title 28 provides that: "No money deposited under section 2041 of this title shall be withdrawn except by order of court." 28 U.S.C. § 2042. Section 2041 provides that: "All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court." 28 U.S.C. § 2041. *See* Fed. R. Civ. P. 67(b) (requiring money paid into court to "be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042.") Thus, no money deposited into a court's registry may be withdrawn except upon order of court.

Defendants correctly argue that no rule or statute requires that an order of release must issue by a specific date. And the bonds themselves (ECF Nos. 445, 446) contain no language about how long they are to remain in effect or when the funds are to be released. Plaintiffs' appeal bond contains no expiration date or condition of discharge (ECF No. 500). Rather, it refers to the Stipulation and Order (ECF No. 499), which stated that: "enforcement of the Fee Awards is stayed pending any appeals in this matter, including the pending appeals at the United States Court of Appeals for the Third Circuit (Case Nos. 25-1935 and 25-1969)." (*Id.* ¶¶ 1-2.)

The order with respect to Defendants' bond stated that the funds "shall remain until further order of Court." (ECF No. 435.) The order granting Defendants' Consent Motion for Expedited Order Setting and Approving Cash Bond Pursuant to Rule 62(b) stayed execution of Plaintiffs' judgment upon Defendants' posting of a cash bond equal to 120% of the jury award and indicated that it "shall remain in effect" until three conditions were met: (1) "decisions are rendered on Defendants' pending motions for attorneys' fees"; (2) "any motions under Fed. R. Civ. P. 50 and Fed. R. Civ. P. 59 are decided by this Court"; and (3) "any appeals thereto are resolved." (ECF No. 434.)

The Court disagrees with Defendants' contention that the "appeal" is still pending in the Third Circuit because of their Application for fees. As Plaintiffs point out, the Application is not an "appeal" but a separate request for new relief, collateral to the merits, and no award on the Application would count as a "Fee Award" secured by the bond. At the same time, however, proceedings remain pending before the Third Circuit that will have an impact on the parties' respective obligations.

Thus, given the competing offsets at issue and in order to avoid issues regarding execution on any award or judgment, the Court concludes that both bonds shall remain in place pending the resolution of Defendants' Application before the Court of Appeals.

For these reasons, Defendants' Motion to Retain Bonds Pending Disposition of Appellate-Fee Application (ECF No. 507) will be granted.

An appropriate order follows.

October 14, 2026

/s/Patricia L. Dodge
PATRICIA L. DODGE
CHIEF UNITED STATES MAGISTRATE JUDGE